Skip to Main Content Logout My Account Search Menu New Civil Search Refine Search Back | Location : Fort Bend   Images Help

# REGISTER OF ACTIONS
## CASE NO. 16-DCV-229825

| Alicia Fortes vs Allstate Vehicle and Property Insurance Company and Mollie Zamora | § § § § § | Case Type: | Contract - Other Contract |
|---|---|---|---|
| | | Date Filed: | 02/08/2016 |
| | | Location: | 240th District Court |

### PARTY INFORMATION

| | | | Attorneys |
|---|---|---|---|
| Defendant or Respondent | Allstate Vehicle and Property Insurance Company<br>Dallas, TX 75201-3136 | | Roger D. Higgins<br>*Retained*<br>214-871-8256(W) |
| Defendant or Respondent | Zamora, Mollie<br>Dallas, TX 75267 | | Roger D. Higgins<br>*Retained*<br>214-871-8256(W) |
| Plaintiff or Petitioner | Fortes, Alicia<br>Houston, TX 77007 | | Matthew J. Worrall<br>*Retained*<br>713-963-8881(W) |

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | | | |
|---|---|---|---|---|
| 02/08/2016 | **Docket Sheet**<br>*Docket Sheet* | | | |
| 02/08/2016 | **Petition**   Doc ID# 1<br>*Plaintiff's Original Petition* | | | |
| 02/08/2016 | **Case Information Sheet**<br>*Civil Case Information Sheet* | | | |
| 02/08/2016 | **Request**   Doc ID# 2<br>*Request for Process* | | | |
| 02/17/2016 | **Issuance**   Doc ID# 3<br>*Citation Issue to Allstate Vehicle and Property Insurance Company* | | | |
| 02/17/2016 | **Citation by Certified Mail**<br>*CMRRR# 9414 7266 9904 2957 5309 32* | | | |
| | Allstate Vehicle and Property Insurance Company | Served<br>Returned | 02/23/2016<br>02/29/2016 | |
| 02/17/2016 | **Issuance**   Doc ID# 4<br>*Citation Issue to Mollie Zamora* | | | |
| 02/17/2016 | **Citation by Certified Mail**<br>*CMRRR# 9414 7266 9904 2957 5309 49* | | | |
| | Zamora, Mollie | Served<br>Returned | 02/24/2016<br>02/29/2016 | |
| 03/18/2016 | **Answer/Contest/Response/Waiver**   Doc ID# 5<br>*Defendant Allstate Vehicle and Property Insurance and Mollie Zamora's Original Answer* | | | |

### FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **Defendant or Respondent** Allstate Vehicle and Property Insurance Company | | | |
| | Total Financial Assessment | | | 2.00 |
| | Total Payments and Credits | | | 2.00 |
| | **Balance Due as of 03/21/2016** | | | **0.00** |
| 03/21/2016 | Transaction Assessment | | | 2.00 |
| 03/21/2016 | E-filing | Receipt # 2016-16054-DCLK | Allstate Vehicle and Property Insurance Company | (2.00) |
| | **Plaintiff or Petitioner** Fortes, Alicia | | | |
| | Total Financial Assessment | | | 575.00 |
| | Total Payments and Credits | | | 575.00 |
| | **Balance Due as of 03/21/2016** | | | **0.00** |
| 02/08/2016 | Transaction Assessment | | | 575.00 |
| 02/08/2016 | E-filing | Receipt # 2016-07275-DCLK | Fortes, Alicia | (575.00) |

**EXHIBIT B** (tabbies)



16-DCV-229825
DofH
Docket Sheet
42/25/16

**DOCKET**

CAUSE NO. 16-DCV-229825

| COURT NO. | STYLE OF CASE | ATTORNEYS | TYPE OF ACTION | DATE OF FILING | | |
|---|---|---|---|---|---|---|
| 240TH JUDICIAL DISTRICT COURT | ALICIA FORTES VS ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY AND MOLLIE ZAMORA | MATTHEW J. WORRALL | Contract - Other Contract | MONTH | DAY | YEAR |
| | | THE POTTS LAW FIRM LLP 100 WAUGH DRIVE SUITE 350 HOUSTON TX 77007 | | 02/08/2016 | | |
| | | (713) 963-8889 | | JURY FEE $30.00 02/08/2016 | | |
| | | | | PAID BY: Pltf Atty – Matthew J Worrall | | |

STENOGRAPHER USED?

| YES | NO |
|---|---|
| | |

DATE OF ORDERS

| MONTH | DAY | YEAR |
|---|---|---|
| | | |

ORDERS OF COURT



CAUSE NO. 16-DCV-229825
ALICIA FORTES VS ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY AND MOLLIE ZAMORA

| DATE OF ORDERS | | |
|---|---|---|
| MONTH | DAY | YEAR |
| | | |
| | | |
| | | |
| | | |
| | | |

COPY

Filed
2/8/2016 2:51:18 PM
Annie Rebecca Elliott
District Clerk
Fort Bend County, Texas
Debra Elizondo

Cause No. **16-DCV-229825**

| | | |
|---|---|---|
| ALICIA FORTES | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | FORT BEND COUNTY, TEXAS |
| | § | |
| | § | Fort Bend County - 240th Judicial District Court |
| ALLSTATE VEHICLE AND PROPERTY | § | _____ JUDICIAL DISTRICT |
| INSURANCE COMPANY AND MOLLIE | § | |
| ZAMORA | § | |
| | § | |
| *Defendant* | | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Alicia Fortes, Plaintiff (hereinafter referred to as "Plaintiff"), and file this Original Petition against Defendants, Allstate Vehicle and Property Insurance Company ("Allstate") and Mollie Zamora ("Zamora") (to whom will be collectively referred to as "Defendants"), and respectfully would show this court as follows:

### PARTIES

1.     Plaintiff, Alicia Fortes, is an individual residing in and/or owning property in Fort Bend County, Texas.

2.     Defendant, Allstate, is an insurance company that engaged in the business of insurance in the State of Texas at all times material to this action. This defendant may be served by serving its Registered Agent for service of process: C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136, via certified mail, return receipt requested.

1

3.     Defendant, Mollie Zamora, is an individual residing in and domiciled in the State of Texas. This defendant may be served via certified mail, return receipt requested at PO Box 672041, Dallas, Texas 75267.

### DISCOVERY LEVEL

4.     Plaintiff intends for discovery to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

### JURISDICTION

5.     The Court has jurisdiction over this controversy because the damages are within the jurisdictional limits of this court. Plaintiff is seeking monetary relief over $200,000 but not more than $1,000,000. Plaintiff reserves the right to amend this petition during and/or after the discovery process.

6.     The Court has jurisdiction over Defendant, Allstate, because this defendant engaged in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of defendant's business activities in the State of Texas.

7.     The Court has jurisdiction over Defendant, Zamora, because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of defendant's business activities in the State of Texas.

### VENUE

8.     Venue is proper in Fort Bend County, Texas, because the insured property is situated in Fort Bend County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

### FACTS

9.     Plaintiff is the owner of a property insurance policy ("the Policy") issued by Allstate.

2

10.     Plaintiff owns the insured property located at 3807 Cedar Valley, in Fort Bend County (hereinafter referred to as "the Property"). Allstate sold the Policy insuring the Property to Plaintiff.

11.     On or about October 2, 2014, a hail storm and/or windstorm struck Fort Bend County, Texas, causing severe damage to homes and businesses throughout the region ("the Storm") including the Property. The Storm damaged the Property including extensive damage to Plaintiff's roof.

12.     Plaintiff subsequently submitted a claim to Allstate for the damage the Property sustained as a result of the Storm. Plaintiff requested that Allstate cover the cost of repairs, including but not limited to, replacement of the roof pursuant to the property.

13.     Defendant Allstate assigned Zamora as the individual adjuster ("the adjuster") on the claim. The adjuster was improperly trained and failed to perform a thorough investigation of the claim spending an inadequate amount of time inspecting Plaintiff's property. The adjuster conducted a substandard inspection of Plaintiff's Property evidenced by the adjuster's report, which failed to include all of Plaintiff's storm damages noted upon inspection. The damages the adjuster included in the report were grossly undervalued and did not allow for adequate funds to cover the cost of repairs to all the damages sustained.

14.     Allstate and its personnel failed to thoroughly review and properly supervise the work of their assigned adjusters which ultimately led to the approving an improper adjustment and an inadequately unfair settlement of Plaintiff's claim. As a result of Defendants' wrongful acts and omissions set forth above and further described herein, Plaintiff was wrongfully denied on the claim and has suffered damages.

3

15.     Together, Defendants set about to deny and/or underpay on properly covered damages. Defendants failed to provide full coverage for the damages sustained by Plaintiff and under-scoped Plaintiff's damages, thereby denying adequate and sufficient payment on Plaintiff's claim. As a result of Defendants' unreasonable investigation, Plaintiff's claim was improperly adjusted, and Plaintiff was wrongfully denied on the claim and has suffered damages. The mishandling of Plaintiff's claim has also caused a delay in Plaintiff's ability to fully repair the Property, which has resulted in additional damages. To this date, Plaintiff has yet to receive the full payment that he is entitled to under the Policy.

16.     As detailed in the paragraphs below, Allstate wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

17.     To date, Allstate continues to delay in the payment for the damages to the Property. As such, Plaintiff has not been paid in full for the damages to the Property.

18.     Defendant Allstate failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Allstate's conduct constitutes a breach of the insurance contract between Allstate and Plaintiff.

19.     Defendants misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.

4

INS. CODE § 541.060(a)(1).

20.     Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.   TEX. INS. CODE § 541.0060(a)(2)(A).

21.     Defendants failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(3).

22.     Defendants failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(4).

23.     Defendants refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation.   Specifically, Defendants performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's claim on the Property. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(7).

24.     Defendant Allstate failed to meets it obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim.  Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE § 542.055.

25.     Defendant Allstate failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information.  Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE § 542.056.

26.     Defendant Allstate failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay.  Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for the claim.  Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE § 542.058.

27.     From and after the time Plaintiff's claim was presented to Defendant Allstate, the liability of Allstate to pay the full claim in accordance with the terms of the Policy was reasonably clear.  However, Allstate has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment.  Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing.

28.     Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

29.     As a result of Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing them with respect to these

6

causes of action.

30.     Plaintiff's experience is not an isolated case.  The acts and omissions Allstate committed

in this case, or similar acts and omissions, occur with such frequency that they constitute a general

business practice of Allstate with regard to handling these types of claims.  Allstate's entire process

is unfairly designed to reach favorable outcomes for the company at the expense of the

policyholders.

**CAUSES OF ACTION**

31.     Each of the foregoing paragraphs is incorporated by reference in the following:

### I.     Causes of Action Against Zamora

32.     Allstate assigned Zamora to adjust this claim.  Zamora was improperly trained and

performed an outcome oriented and unreasonable investigation of Plaintiff's damages.  Zamora

did not properly assess all damages caused by the Storm and omitted covered damages from the

report including the full extent of damage to the roof.  Zamora refused to fully compensate Plaintiff

for the full amount Plaintiff is entitled under the Policy.  The outcome oriented investigation of

Plaintiff's claim resulted in a biased evaluation of Plaintiff's damages to the Property and the

estimated damages were severely underestimated.

### A.     Noncompliance with Texas Insurance Code:  Unfair Settlement Practices

33.     Defendant Zamora's conduct constitutes multiple violations of the Texas Insurance Code,

Unfair Settlement Practices.  TEX. INS. CODE § 541.060(a).  All violations under this article are

made actionable by TEX. INS. CODE § 541.151.

34.     Defendant Zamora is individually liable for his unfair and deceptive acts, irrespective of

the fact Zamora was acting on behalf of Allstate, because Zamora is a "person" as defined by TEX.

7

INS. CODE § 541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster or life and health insurance counselor." TEX. INS. CODE § 541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W. 2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

35.    Defendants' misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiff's damages; (2) stating that Plaintiff's damages were less severe than they in fact were; (3) using their own statements about the non-severity of the damages as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiff received.  Defendant Zamora's unfair settlement practices, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060 (a)(1).

36.    Defendant Zamora's unfair settlement practices, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE § 541.060(a)(2)(A).

8

37.     Defendant Zamora failed to explain to Plaintiff the reasons for the offer or offers of an inadequate settlement.   Specifically, Defendant Zamora failed to offer Plaintiff adequate compensation without any explanation as to why full payment was not being made.   Furthermore, Defendant Zamora did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor was there any explanation for the failure as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE § 541.060(a)(3).

38.     Defendant Zamora's unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE § 541.060(a)(4).

39.     Defendant Zamora did not properly inspect the Property and failed to account for and/or undervalued Plaintiff's roof damage, although reported by Plaintiff to Allstate.   Defendant Zamora's unfair settlement practices, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition, and an unfair and deceptive act or practice in the business of insurance.   TEX. INS. CODE § 541.060(a)(7).

   **II.     Causes of Action Against Allstate**

40.     Allstate intentionally breached its contract with Plaintiff, intentionally violated the Texas Insurance Code and intentionally breached the common law duty of good faith and fair dealing.

9

### A.   Breach of Contract

41.     Allstate breached the contract of insurance it had with Plaintiff.  Allstate breached the contract by its failure/and or refusal to adequately pay the claim as it is obligated to do under the terms of the Policy in question and under the laws in the State of Texas.

### B.   Noncompliance with Texas Insurance Code:  Unfair Settlement Practices

42.     Defendant Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE § 541.060(a).  All violations under this article were made actionable by TEX. INS. CODE § 541.151.

43.     Defendant Allstate's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE § 5410.060(a)(1).

44.     Defendant Allstate's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Allstate's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.   TEX. INS. CODE § 541.060(a)(2)(A).

45.     Defendant Allstate's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE § 541.060(a)(3).

46.     Defendant Allstate's unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of compensation and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE § 541.060(a)(4).

47.     Defendant Allstate's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE § 541.060(a)(7).

### C.     Noncompliance with Texas Insurance Code:  Prompt Payment of Claims Statute

48.     Plaintiff is entitled to 18% interest and attorney fees under TEX. INS. CODE §542.060 for violating the Texas Insurance Code, Prompt Payment of claims TEX. INS. CODE §542.051 *et. seq.*

49.     Allstate failed to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints under TEX. INS. CODE §542.055.

50.     Allstate failed to notify Plaintiff in writing of its acceptance or rejection of the claim within applicable time constraints under TEX. INS. CODE §542.056.

51.     Allstate delayed the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for under TEX. INS. CODE §542.058.

### D.     Breach of the Duty of Good Faith and Fair Dealing

52.     Allstate breached the duty of good faith and fair dealing by failing to adequately and reasonably investigate and evaluate Plaintiff's claim while it knew or should have known, by the

11

exercise of reasonable diligence, that its liability was reasonably clear.

     **E.**    **Knowledge**

53.    Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code.

DAMAGES

54.    Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

55.    The damages caused by the hail storm and/or windstorm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendants' mishandling of Plaintiff's claim in violation of the laws set forth above.

56.    For breach of contract, Plaintiff is entitled to regain the benefit of their bargain, which is the amount of her claim, together with attorney's fees.

57.    For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff ask for three times their actual damages. TEX. INS. CODE § 541.152.

58.    For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of the claim, as well as 18% (eighteen percent) interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE § 542.060.

59.    For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty,

12

such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional stress.

60.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas

## JURY DEMAND

61.     Plaintiff hereby demands a trial by jury and tender the appropriate fee.

## DISCOVERY REQUESTS

62.     Pursuant to Texas Rules of Civil Procedure 194, Plaintiff requests that each Defendant disclose, within 30 days of service of this request, the information or materials described in Texas Rule of Civil Procedure 194.2(a)-(l).

63.     Defendants are requested to respond to the attached interrogatories and requests for production within fifty (50) days.

## PRAYER

64.     WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this court site Defendants to appear and answer herein and that Plaintiff has judgment taken against Defendants and recovers from Defendants all damages allowed by law, and that Plaintiff be awarded attorneys' fees for trial and any appeal of this case, for pre-judgment and post judgment interest as allowed by law, costs of court, and such other and further relief, both general and special, at law or in equity, to which Plaintiff is justly entitled.

13

Respectfully submitted,

THE POTTS LAW FIRM, LLP

By:    */s/ Matthew J. Worrall*
        **Matthew J. Worrall**
        SBN: 24070883
        **William H. Barfield**
        SBN: 24031725
        **Andrew A. Woellner**
        SBN: 24060850
        100 Waugh Drive, Suite 350
        Houston, Texas 77007
        Telephone (713) 963-8881
        Facsimile (713) 574-2938
        Emails: mworrall@potts-law.com
                wbarfield@potts-law.com
                awoellner@potts-law.com

        **ATTORNEYS FOR PLAINTIFF**

14

Filed
2/8/2016 2:51:18 PM
Annie Rebecca Elliott

## CIVIL CASE INFORMATION SHEET

**CAUSE NUMBER** *(FOR CLERK USE ONLY)*: __16-DCV-229825__

**COURT** *(FOR CLERK USE ONLY)*: __Fort Bend County - 240th Judicial District__

Fort Bend County, Texas
Debra Elizondo

STYLED __Alicia Fortes v. Allstate Vehicle and Property Insurance Company and Mollie Zamora__
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name: Matthew J. Worrall <br><br> Email: mworrall@potts-law.com | Plaintiff(s)/Petitioner(s): <br><br> Alicia Fortes | [X] Attorney for Plaintiff/Petitioner <br> [ ] *Pro Se* Plaintiff/Petitioner <br> [ ] Title IV-D Agency <br> [ ] Other: |
| Address: 100 Waugh Drive, Suite 350 <br><br> Telephone: 713-963-8881 | | Additional Parties in Child Support Case: |
| City/State/Zip: Houston, Texas 77007 <br><br> Fax: 713-574-2938 | Defendant(s)/Respondent(s): <br><br> Allstate Vehicle and Property <br><br> Insurance Company and | Custodial Parent: <br><br> Non-Custodial Parent: |
| Signature: *Matthew J. Worrall* <br><br> State Bar No: 24070883 | Mollie Zamora <br><br> [Attach additional page as necessary to list all parties] | Presumed Father: |

**2. Indicate case type, or identify the most important issue in the case** *(select only 1):*

| | Civil | | | Family Law |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract* <br> [ ] Consumer/DTPA <br> [ ] Debt/Contract <br> [ ] Fraud/Misrepresentation <br> [ ] Other Debt/Contract: | [ ] Assault/Battery <br> [ ] Construction <br> [ ] Defamation <br> *Malpractice* <br> [ ] Accounting <br> [ ] Legal <br> [ ] Medical <br> [ ] Other Professional Liability: | [ ] Eminent Domain/ Condemnation <br> [ ] Partition <br> [ ] Quiet Title <br> [ ] Trespass to Try Title <br> [ ] Other Property: | [ ] Annulment <br> [ ] Declare Marriage Void <br> *Divorce* <br> [ ] With Children <br> [ ] No Children | [ ] Enforcement <br> [ ] Modification—Custody <br> [ ] Modification—Other |
| *Foreclosure* <br> [ ] Home Equity—Expedited <br> [ ] Other Foreclosure <br> [ ] Franchise <br> [X] Insurance <br> [ ] Landlord/Tenant <br> [ ] Non-Competition <br> [ ] Partnership <br> [ ] Other Contract: | [ ] Motor Vehicle Accident <br> [ ] Premises <br> *Product Liability* <br> [ ] Asbestos/Silica <br> [ ] Other Product Liability List Product: <br><br> [ ] Other Injury or Damage: | **Related to Criminal Matters** <br> [ ] Expunction <br> [ ] Judgment Nisi <br> [ ] Non-Disclosure <br> [ ] Seizure/Forfeiture <br> [ ] Writ of Habeas Corpus— Pre-indictment <br> [ ] Other: | **Other Family Law** <br> [ ] Enforce Foreign Judgment <br> [ ] Habeas Corpus <br> [ ] Name Change <br> [ ] Protective Order <br> [ ] Removal of Disabilities of Minority <br> [ ] Other: | **Title IV-D** <br> [ ] Enforcement/Modification <br> [ ] Paternity <br> [ ] Reciprocals (UIFSA) <br> [ ] Support Order <br><br> **Parent-Child Relationship** <br> [ ] Adoption/Adoption with Termination <br> [ ] Child Protection <br> [ ] Child Support <br> [ ] Custody or Visitation <br> [ ] Gestational Parenting <br> [ ] Grandparent Access <br> [ ] Parentage/Paternity <br> [ ] Termination of Parental Rights <br> [ ] Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| [ ] Discrimination <br> [ ] Retaliation <br> [ ] Termination <br> [ ] Workers' Compensation <br> [ ] Other Employment: | [ ] Administrative Appeal <br> [ ] Antitrust/Unfair Competition <br> [ ] Code Violations <br> [ ] Foreign Judgment <br> [ ] Intellectual Property | [ ] Lawyer Discipline <br> [ ] Perpetuate Testimony <br> [ ] Securities/Stock <br> [ ] Tortious Interference <br> [ ] Other: | | |
| **Tax** | **Probate & Mental Health** | | | |
| [ ] Tax Appraisal <br> [ ] Tax Delinquency <br> [ ] Other Tax | *Probate/Wills/Intestate Administration* <br> [ ] Dependent Administration <br> [ ] Independent Administration <br> [ ] Other Estate Proceedings | [ ] Guardianship—Adult <br> [ ] Guardianship—Minor <br> [ ] Mental Health <br> [ ] Other: | | |

**3. Indicate procedure or remedy, if applicable** *(may select more than 1):*

| | | |
|---|---|---|
| [ ] Appeal from Municipal or Justice Court | [ ] Declaratory Judgment | [ ] Prejudgment Remedy |
| [ ] Arbitration-related | [ ] Garnishment | [ ] Protective Order |
| [ ] Attachment | [ ] Interpleader | [ ] Receiver |
| [ ] Bill of Review | [ ] License | [ ] Sequestration |
| [ ] Certiorari | [ ] Mandamus | [ ] Temporary Restraining Order/Injunction |
| [ ] Class Action | [ ] Post-judgment | [ ] Turnover |

**4. Indicate damages sought** *(do not select if it is a family law case):*
- [ ] Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- [ ] Less than $100,000 and non-monetary relief
- [ ] Over $100,000 but not more than $200,000
- [X] Over $200,000 but not more than $1,000,000
- [ ] Over $1,000,000

Rev 2/13

Filed
2/8/2016 2:51:18 PM
**Annie Rebecca Elliott**
District Clerk
Fort Bend County, Texas
Debra Elizondo

# ANNIE REBECCA ELLIOTT
## Fort Bend County District Clerk
## 301 Jackson, Richmond, TX 77469

## REQUEST FOR PROCESS
All sections **must** be completed for processing this request.

**Section 1:**
Cause No. **16-DCV-229825**                              Date _____
Style:
Alicia Fortes

VS

Allstate Vehicle and Property Insurance Company and Mollie Zamora

**Section 2:**
## Check Process Type:                    Fort Bend County - 240th Judicial District Court

■ Citation   ☐ Precept to Serve / Notice of Hearing   ☐ Temporary Restraining Order

☐ Application for Protective Order / Temporary (Ex Parte) Protective Order

☐ Notice of Registration of Foreign Judgment   ☐ Citation by Posting

☐ Writ of _____   ☐ Other _____

☐ Citation by Publication* - Newspaper: _____

* (All publications are sent to: **Fort Bend Independent**, P.O. Box 623, (12551 Emily Court) • Sugar Land, Texas 77487)

* (**Unless another newspaper is specified** – FBC Constable will *only* serve *within their* jurisdiction.)

## APPLICATION FOR ISSUANCE OF SUBPOENA MUST BE SUBMITTED ON A SEPARATE FORM

**Section 3:**
## Title of Document/Pleading to be attached for service: Original Petition

_____

_____

**Note: You must furnish *one copy* of the document/pleading for *each* party served.**

**Section 4: PARTIES TO BE SERVED** (Please type or print):

1. Name: Allstate Vehicle and Property Insurance Company

   Address: c/o C T Corporation, 1999 Bryan Street, Suite 900

   City: Dallas _____   State: Texas _____   Zip: 75201-3136

2. Name: Mollie Zamora

   Address: PO Box 672041

   City: Dallas _____   State: TX _____   Zip: 75267

3. Name:_____

   Address: _____

   City:_____ State:_____ Zip:_____

4. Name:_____

   Address: _____

   City:_____ State:_____ Zip:_____

5. Name:_____

   Address: _____

   City:_____ State:_____ Zip:_____

**Section 5**

## Check Service Type:

☐ No Service                    ☐ Secretary of State

☐ Sheriff                       ☐ Commissioner of Insurance

☐ Constable Pct.___             ☐ Out of County

☐ Out of State                  ☐ Private Process

☒ Certified Mail                ☐ Registered Mail   (Out of Country)

**Section 6 (ONLY if Section 7 does not apply)**

**Attorney Name:** Matthew J. Worrall

Address: 100 Waugh Drive, Suite 350
_____
                Street/P.O. Box

   Houston                          Texas              77007
   _____                        _____            _____
     City                            State               Zip

Attorney's Telephone No. 713-963-8881      Attorney's Bar No. 24070883

713

**Section 7 (ONLY if Section 6 does not apply)**

**Pro-Se Name:**_____

Address: _____
                        Street/P.O. Box

   _____        _____        _____
         City                    State               Zip

Telephone No. _____

**Section 8**

## Check Delivery Type:

☐ Hold for pick up      ☐ Mail to Attorney      ☐ Mail to Pro-Se Party

# SERVICE FEE COLLECTED
# BY DISTRICT CLERK

**THE STATE OF TEXAS**

**CITATION**

TO:     ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY
        REGISTERED AGENT C T CORPORATION
        1999 BRYAN STREET SUITE 900
        DALLAS TX 75201-3136

NOTICE:

        You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFF'S ORIGINAL PETITION** filed on **FEBRUARY 08, 2016**, a default judgment may be taken against you. Said answer may be filed by mailing to the District Clerk's Office at 301 Jackson Street, Richmond, Texas 77469, or by bringing said answer to the physical address at 1422 Eugene Heimann Circle, Richmond, Texas 77469. We are located on the first floor of the Courthouse building.

        The case is presently pending before the **240TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas, and was filed on **FEBRUARY 08, 2016**. It bears cause number **16-DCV-229825** and is styled:

**ALICIA FORTES  VS  ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY AND MOLLIE ZAMORA**

        The name and address of the attorney for **PLAINTIFF OR PETITIONER** is:

**MATTHEW J. WORRALL**
**THE POTTS LAW FIRM LLP**
**100 WAUGH DRIVE SUITE 350**
**HOUSTON TX  77007**
**713-963-8881**

        The nature of the demands of said **PLAINTIFF OR PETITIONER** is shown by a true and correct copy of the **PLAINTIFF'S ORIGINAL PETITION** accompanying this citation and made a part hereof.

        If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 17th day of February, 2016.**

                            DISTRICT CLERK ANNIE REBECCA ELLIOTT
                            Fort Bend County, Texas

                            By: _____
                                Deputy District Clerk DEBRA ELIZONDO
                                Telephone: (281) 344-3959

16 – DCV – 229825
ISSU
Issuance
4020936

**ORIGINAL**

16-DCV-229825                                                    240th Judicial District Court
Alicia Fortes  vs  Allstate Vehicle and Property Insurance Company and Mollie Zamora

### CERTIFICATE OF DELIVERY BY CERTIFIED MAIL

Came to hand on the **8th day of February, 2016** at **2: 51 p.m.** o'clock and executed at **REGISTERED AGENT C T CORPORATION  1999 BRYAN STREET SUITE 900  DALLAS TX  75201-3136,** on the **February 17, 2016**, by delivering to the within named **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY** by registered or certified mail, with delivery - restricted to addressee only, return receipt requested, a true copy of this citation together with the accompanying copy of the petition were attached thereto.

Fee......... **$8.00 issuance + $80.00 Service = $88.00**

CMRRR# 9414 7266 9904 2957 5309 32

**FILED**

FEB 1 7 2016

AT_____ M.

Clerk District Court, Fort Bend Co., TX

Debra Elizondo

DISTRICT CLERK ANNIE REBECCA ELLIOTT
Fort Bend County, Texas

By:_____

Deputy District Clerk  Debra Elizondo

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107:  The officer or authorized person who serves, or attempts to serve, a citation shall sign the return.  The signature is not required to be verified.  If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____, my date of birth is
                 (First, Middle, Last)

_____, and my address is _____
                                            (Street, City, Zip)

_____

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____,

on the day of _____.

                                    _____
                                    Declarant / Authorized Process Server

(Id # & expiration of certification)          _____

**ORIGINAL**

Citation (By Certified Mail) issued to Allstate Vehicle and Property Insurance Company on 2/17/2016.

9414 7266 9904 2957 5309 32

16-DCV-229825
ISSU
Issuance
4029669

Domestic Mail Only
No Insurance
Coverage Provided

Postage $ 2.30 DL

Certified Fee 3.45

Receipt Fee
(Endorsement Required) 2.80

Restricted Delivery Fee
(Endorsement Required)

Total Postage & Fees $ 8.55

RICHMOND TX 77469
Postmark
FEB 19 2016
USPS

2016 FEB 22 AM 10:55

Sent To:
ALLSTATE VEHICLE & PROPERTY
INSURANCE COMPANY
C/O C T CORPORATION
1999 BRYAN STREET SUITE 900
DALLAS TX 75201-3136

FILED

OFFICIAL

CLERK DISTRICT COURT
FORT BEND CO. TX

Silvia Guevara

PS Form 3800, December 2014    US Postal Service®    Certified Mail® Receipt

16-DCV-229825 240TH CIT ALLSTATE LH

Certified Mail® Provides:

■ A mailing receipt
■ A unique identifier for your mailpiece
■ A signature upon delivery
■ A record of delivery kept by the Postal Service™ for two years

*Important Reminders:*
■ Certified Mail may ONLY be combined with First-Class Mail® or Priority Mail®.
■ Certified Mail is not available for any class of international mail.
■ NO INSURANCE COVERAGE IS PROVIDED with Certified Mail. For valuables, please consider Insured or Registered Mail.
■ For an additional fee, a Return Receipt may be requested to provide proof of delivery. To obtain Return Receipt service, please complete and attach a Return Receipt (PS Form 3811) to the article and add applicable postage to cover the fee. Endorse mailpiece "Return Receipt Requested". To receive a fee waiver for a duplicate return receipt, a USPS® postmark on your Certified Mail receipt is required.
■ For an additional fee, delivery may be restricted to the addressee or addressee's authorized agent. Advise the clerk or mark the mailpiece with the endorsement "Restricted Delivery".
■ If a postmark on the Certified Mail receipt is desired, please present the article at the post office for postmarking. If a postmark on the Certified Mail receipt is not needed, detach and affix label with postage and mail.

IMPORTANT: Save this receipt and present it when making an inquiry.

PS Form 3800, December 2014 (Reverse)

2.  16 – DCV – 229825
ISSU
Issuance
4044011

9414 7266 9904 2957 8309 38

3. Service Type: **CERTIFIED MAIL®**
4. Restricted Delivery? (Extra Fee)   ☑ Yes
1. Article Addressed to:

ALLSTATE VEHICLE & PROPERTY
INSURANCE COMPANY
C/O C T CORPORATION
1999 BRYAN STREET SUITE 900
DALLAS TX 75201-3136

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)

B. Date of Delivery
FEB 23 2016

C. Signature

X ____ Chris Wells

☐ Agent
☐ Addressee

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

FILED
2016 FEB 23
CLERK DISTRICT COURT
FORT BEND COUNTY

Silvia Guevara

PS Form 3811, December 2014        Domestic Return Receipt

16-DCV-229825 240TH CIT ALLSTATE LH

UNITED STATES POSTAL SERVICE®

First-Class Mail®
Postage & Fees Paid
USPS®
Permit No. G-10

● Print your name, address and ZIP+4® below ●

ANNIE REBECCA ELLIOTT
FORT BEND COUNTY DISTRICT CLERK
301 JACKSON
RICHMOND TX 77469-3108

SERVICE FEE COLLECTED
BY DISTRICT CLERK

**THE STATE OF TEXAS**

**CITATION**

TO:   MOLLIE ZAMORA
      PO BOX 672041
      DALLAS TX 75267

NOTICE:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFF'S ORIGINAL PETITION** filed on **FEBRUARY 08, 2016**, a default judgment may be taken against you. Said answer may be filed by mailing to the District Clerk's Office at 301 Jackson Street, Richmond, Texas 77469, or by bringing said answer to the physical address at 1422 Eugene Heimann Circle, Richmond, Texas 77469. We are located on the first floor of the Courthouse building.

The case is presently pending before the **240TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas, and was filed on **FEBRUARY 08, 2016**. It bears cause number **16-DCV-229825** and is styled:

**ALICIA FORTES  VS  ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY AND MOLLIE ZAMORA**

The name and address of the attorney for **PLAINTIFF OR PETITIONER** is:

**MATTHEW J. WORRALL
THE POTTS LAW FIRM LLP
100 WAUGH DRIVE SUITE 350
HOUSTON TX  77007
713-963-8881**

The nature of the demands of said **PLAINTIFF OR PETITIONER** is shown by a true and correct copy of the **PLAINTIFF'S ORIGINAL PETITION** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 17th day of February, 2016.**

DISTRICT CLERK ANNIE REBECCA ELLIOTT
Fort Bend County, Texas

By: _____

Deputy District Clerk DEBRA ELIZONDO
Telephone: (281) 344-3959

16-DCV-229825
ISSU
Issuance
4020938

**ORIGINAL**

16-DCV-229825                                                                240th Judicial District Court
Alicia Fortes  vs  Allstate Vehicle and Property Insurance Company and Mollie Zamora

## CERTIFICATE OF DELIVERY BY CERTIFIED MAIL

Came to hand on the 8th day of February, 2016 at 2: 51 p.m. o'clock and executed at **PO BOX 672041  DALLAS TX  75267,** on the **February 17, 2016,** by delivering to the within named **MOLLIE ZAMORA** by registered or certified mail, with delivery - restricted to addressee only, return receipt requested, a true copy of this citation together with the accompanying copy of the petition were attached thereto.

Fee......... **$8.00 Issuance + $80.00 Service = $88.00**

CMRRR# 9414 7266 9904 2957 5309 49

# FILED

FEB 17 2016

AT _____ 12:00 P.M.

Clerk District Court, Fort Bend Co., TX
Debra Elizondo

DISTRICT CLERK ANNIE REBECCA ELLIOTT
Fort Bend County, Texas

By: _____
Deputy District Clerk Debra Elizondo

---

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____, my date of birth is _____
                        (First, Middle, Last)

_____, and my address is _____
                                                              (Street, City, Zip)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____,

on the day of _____.

_____
Declarant / Authorized Process Server

(Id # & expiration of certification)           _____

## ORIGINAL

Citation (By Certified Mail) issued to Mollie Zamora on 2/17/2016.



16-DCV-229825
ISSU
Issuance
4029861

Postage     $ 2.30          DC

Certified Fee     3.45

Return Receipt Fee
(Endorsement Required)     2.80

Restricted Delivery Fee
(Endorsement Required)     5.15

Total Postage & Fees     $ 13.70

Domestic Mail Only
No Insurance
Coverage Provided

Postmark
Here

RICHMOND TX 77
FEB 19 2016
USPS

Sent To:

MOLLIE ZAMORA
PO BOX 672041
DALLAS TX 75267

Silvia Guevara

PS Form 3800, December 2014     US Postal Service®     Certified Mail Receipt

CLERK DISTRICT COURT (69)
FORT BEND CO. TX.
2016 FEB 22 AM 10: 55

9404 7266 9904 2957 5309 49

16-DCV-229825 240TH CIT M ZAMORA LH

Certified Mail™ Provides:

■ A mailing receipt
■ A unique identifier for your mailpiece
■ A signature upon delivery
■ A record of delivery kept by the Postal Service™ for two years

Important Reminders:
■ Certified Mail® may ONLY be combined with First-Class Mail® or Priority Mail®.
■ Certified Mail® is not available for any class of international mail.
■ NO INSURANCE COVERAGE IS PROVIDED with Certified Mail. For valuables, please consider Insured or Registered Mail.
■ For an additional fee, Return Receipt may be requested to provide proof of delivery. To obtain Return Receipt service, please complete and attach a Return Receipt (PS Form 3811) to the article and add applicable postage to cover the fee. Endorse mailpiece "Return Receipt Requested". To receive a fee waiver for a duplicate return receipt, a USPS® postmark on your Certified Mail receipt is required.
■ For an additional fee, delivery may be restricted to the addressee or addressee's authorized agent. Advise the clerk or mark the mailpiece with the endorsement "Restricted Delivery".
■ If a postmark on the Certified Mail® receipt is desired, please present the article at the post office for postmarking. If a postmark on the Certified Mail® receipt is not needed, detach and affix label with postage and mail.

IMPORTANT: Save this receipt and present it when making an inquiry.

PS Form 3800, December 2014 (Reverse)



2.  16-DCV-229825
    ISSU
    Issuance
    4044014

9414 7266 9904 2957 5309 48

3. Service Type **CERTIFIED MAIL®**

4. Restricted Delivery? *(Extra Fee)*    ☐ Yes

1. Article Addressed to:

MOLLIE ZAMORA
PO BOX 571041
DALLAS TX 75267

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)     B. Date of Delivery
                                          FEB 2 4 2016

C. Signature
X  Bill George                            ☐ Agent
                                          ☐ Addressee

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No
   **Gill Jeffery**

Silvia Guevara

PS Form 3811, December 2014               Domestic Return Receipt

16-DCV-229825 240TH CIT M ZAMORA LH

UNITED STATES POSTAL SERVICE®

First-Class Mail®
Postage & Fees Paid
USPS®
Permit No. G-10

● Print your name, address and ZIP+4® below ●

ANNIE REBECCA ELLIOTT
FORT BEND COUNTY DISTRICT CLERK
301 JACKSON
RICHMOND TX 77469-3108

Filed
3/18/2016 5:27:37 PM
**Annie Rebecca Elliott**
District Clerk
Fort Bend County, Texas
Layla Helton

CAUSE NO. 16-DCV-229825

| | | |
|---|---|---|
| ALICIA FORTES, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | FORT BEND COUNTY, TEXAS |
| | § | |
| ALLSTATE VEHICLE AND PROPERTY | § | |
| INSURANCE COMPANY and MOLLIE | § | |
| ZAMORA, | § | |
| | § | |
| *Defendants.* | § | 240th JUDICIAL DISTRICT |

## DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY AND MOLLIE ZAMORA'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY and MOLLIE ZAMORA (collectively, "Defendants") file this Original Answer to Plaintiff's Original Petition and would respectfully show to the Court the following:

### I.
### ORIGINAL ANSWER

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants generally denies each and every, all and singular, allegation contained within Plaintiff's Original Petition, and demands strict proof then by a preponderance of the credible evidence in accordance with the Constitution and laws of the State of Texas.

### II.
### PRAYER

Defendants Allstate Vehicle and Property Insurance Company and Mollie Zamora pray that upon final trial and hearing hereof, Plaintiff's recovers nothing from Defendants, but Defendants goes from here without delay and recovers costs of court and other such further relief, both general and special, to which Defendants may be justly entitled.

Respectfully submitted,

/s/ Roger D. Higgins
Roger D. Higgins
State Bar No. 09601500
John B. Reyna
State Bar No. 24098318
THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone:  (214) 871-8200
Telecopy:    (214) 871-8209
Email: rhiggins@thompsoncoe.com
Email: jreyna@thompsoncoe.com

**ATTORNEYS FOR DEFENDANT ALLSTATE
VEHICLE AND PROPERTY INSURANCE
COMPANY AND MOLLIE ZAMORA**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served by electronic file notification and/or facsimile to the following counsel on March 18, 2016:

Matthew J. Worrall
William H. Barfield
Andrew A. Woellner
100 Waugh Drive, Suite 350
Houston, Texas 77007
Telephone: (713) 963-8881
Facsimile: (713) 574-2938
Email: mworrall@potts-law.com
Email: wbarfield@potts-law.com
Email: awoellner@potts-law.com

**ATTORNEYS FOR PLAINTIFF**

/s/ John B. Reyna
John B. Reyna